**MATHENY v. EDWARDS ICE MACHINE & SUPPLY CO. ***

**No. 6004.**

Circuit Court of Appeals, Ninth Circuit.
March 10, 1930.

*Certiorari denied 50 S. Ct. 464, 74 L. Ed. ——.

Allison Moulton, of Medford, Or., and Lord & Moulton, of Portland, Or., for appellant.

Maurice W. Seitz, and Senn & Recken, all of Portland, Or., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge.

On May 8, 1929, the Medford Ice & Storage Company was constructing an addition to its refrigerating and cold storage plant at Medford, Or., and under contract the appellee, Edwards Ice Machine & Supply Company, was installing refrigeration pipes therein. Hereinafter these two companies will be referred to, respectively, as the storage company and the supply company. While, as an employee of the storage company, appellant was engaged in wheeling concrete in the plant, he was struck by a piece of steel which employees of the supply company permitted to fall from a point above, where they were at work installing pipes. Alleging negligence on their part, appellant brought this action against the supply company to recover damages for his injury. Pursuant to a peremptory instruction, the jury returned a verdict for the defendant. The controlling issue at the trial centered about the interpretation of the Oregon Workmen's Compensation Act (Or. L. § 6605 et seq.), and that is the sole question submitted here. In other words, it is conceded that if, as was held in the court below, plaintiff was bound to accept the benefits of that act and was debarred by its provisions from bringing an action at law, the instruction was right; otherwise it was error, and the judgment should be reversed. It may be added that on July 10, 1929, and before this suit was commenced, the appellant filed with the State Industrial Accident Commission, which is the body authorized by law to make awards, his claim in due form for compensation under the Compensation Act and together therewith a notice to the commission that he elected "to seek remedy against a third party," namely, the supply company, but up to the present time no action has been taken thereon by the commission.

The Compensation Act is applicable to all "hazardous occupations," and, under the statutory definition of these terms, undoubtedly both the corporations were engaged in a hazardous occupation at the time the accident occurred. It is provided in the act that, by following certain prescribed procedure, both employers and workmen may in advance elect not to come within its terms or to share in its benefits and burdens; without such election manifested in the statutory manner, the act becomes automatically applicable to all who engage in hazardous occupations, whether as employers or employees. There is affirmative evidence that the storage company, and none that the supply company, was operating under its terms; but, in the absence of an affirmative showing of an election not to be bound thereby, we think it must be presumed that the latter also was so operating. And such is the theory upon which the cause was tried.

The language of the act directly involved is found in section 6616 of the Oregon Laws 1920. This section provides that every workman subject to the act, in the employ of an employer subject thereto, who, while so employed, sustains a personal injury by an accident arising out of and in the course of his employment, is entitled to re-

ceive from the "industrial accident fund," to which all employers contribute, the sum or sums thereinafter specified; "and the right to receive such sum or sums shall be in lieu of all claims against his employer on account of such injury * * * except as hereinafter specially provided; provided, however, that if the injury to a workman occurring away from the plant of his employer is due to the negligence or wrong of another not in the same employ, the injured workman, * * * shall elect whether to take under this act or seek a remedy against such other, such election to be in advance of any suit, and if he take under this act the cause of action against such other shall be assigned to the state for the benefit of the accident fund. If the other choice is made the accident fund shall contribute only the deficiency, if any, between the amount of recovery against such third person actually collected and the compensation provided or estimated by this act for such case." There follow certain provisions relating to the respective rights of the injured workman and of the commission in case one election or the other is made, which are not presently material.

Plaintiff's reasoning is that, inasmuch as he was employed only by the storage company and was injured in its plant, the proviso has no application, and the clause immediately preceding, declaring that his right to receive compensation is in lieu of claims he might otherwise assert "against his employer," does not operate to cut off or prejudice the right of action he would otherwise have against a third party. And in that view it follows that, in whatever order he may elect to proceed, he may assert the right twice to receive full compensation, once from the accident fund and once from the defendant, and this notwithstanding the fact that in part the burden of creating and maintaining that fund falls upon the defendant. Standing alone and read strictly, the clause declaring that the right to receive compensation "shall be in lieu of all claims against his employer" would by implication afford strong support to plaintiff's position. But if that view be taken the exception in the nature of a proviso immediately following becomes very inapt, if not practically meaningless. For if, in harmony with plaintiff's contention, we take strictly and put emphasis upon the phrase "his employer," it is to be concluded that the Legislature thus studiously adopted language to express the intent that the workman's right to receive compensation from the accident fund should affect only his claim against his employer and not any claim against any third party, and yet immediately following is the language which excepts a subdivision of a class the whole of which upon this hypothesis the Legislature had already excepted. Again, cases are easily conceivable where as apparently here, the injured workman has no claim against "his employer," in the strict sense, and where, therefore, the right to receive compensation under the act would in reality be "in lieu of" nothing. Manifestly, too, if recognized, plaintiff's theory will be followed by the most incongruous results. In this particular case he will be able to secure double compensation, whereas, if the piece of steel had been dropped by an employee of the storage company at the same place and under identically the same circumstances, his only right would have been to receive a single compensation, and that such as is provided by the act. And if the accident had happened, not in the storage company's plant, his right would have been to receive a single compensation, either that provided by the act, or such as he might recover in an action at law supplemented in some contingencies so as to bring it up to, but not to exceed, the standard of the act.

In this view the apparent purpose of the act would in large part be defeated. Long recognized has been the inadequacy of the courts and the laws they administer to provide compensation for injuries sustained in industrial accidents. Due to the expense, delays, uncertainties, and the inequalities incident to and resulting from such litigation no class was satisfied therewith, and compensation acts similar to that of Oregon have pretty generally been passed to remedy the evils, but, under plaintiff's contention, in important aspects the act frustrates instead of serves these desired ends; litigation with its attendant expense and uncertainty continues, and gross inequalities not accidentally but necessarily result.

In work such as was here being carried on it is important that the several parts go forward at the same time and necessarily in the same place. They are interrelated and interdependent, and the workmen must intermingle. They are all engaged together in prosecuting a single job. Can it be said that the Legislature intended that under such conditions, where the owner's employee is injured through an accident caused by the act of another workman indirectly employed by him, but technically the servant of an independent contractor, there shall be two remedies and double compensation for the in-

jury, whereas, if it is caused by another, employed directly by the owner, there shall be but one remedy and one compensation?

When we consider the purpose of the act and the evils to be corrected, and particularly the implications of the excepting proviso, we are pursuaded that when, as here, the accident occurred in the plant where all parties concerned are in a sense in a single employ, it was intended that the right to compensation under the act should be in lieu of all other remedies against any of the parties so engaged. Unless that view be taken, there would seem to be no rational explanation for the proviso. Intent is often best disclosed by the nature of an exception, and by the exception here there seems clearly implied an understanding on the part of the Legislature that, without it, claims against third parties for accidents occurring away from the plant were to be deemed within the scope of the general clause. But if, except for the proviso, any claims against third parties are within the operation of the general clause, it must be held to include all.

As may be inferred, we have found no case from the Supreme Court of the state dealing with this feature of the act; nor do we find in any decision of that court a clear intimation touching it. While in many respects almost identical, the Compensation Acts of Washington and Montana differ from that of Oregon in certain particulars, so that the judicial decisions construing them cannot be said to constitute highly persuasive precedents. To say the least, the decided cases, as we construe them, are not thought to be opposed to the view we have felt constrained to take, and some of them we are inclined to think give to it a measure of support. We may cite the following as fairly representative of all: Evanhoff v. State Ind. Acc. Com., 78 Or. 503, 154 P. 106; Rorvik v. North Pacific Lbr. Co., 99 Or. 58, 190 P. 331, 195 P. 163; West v. Kozer, 104 Or. 94, 206 P. 542; Hicks v. Peninsula Lbr. Co., 109 Or. 305, 220 P. 133; Northern Pacific Ry. Co. v. Meese, 239 U. S. 614, 36 S. Ct. 223, 60 L. Ed. 467; Id. (D. C.) 206 F. 222; Id. (C. C. A.) 211 F. 254; Peet v. Mills, 76 Wash. 437, 136 P. 685, L. R. A. 1916A, 358, Ann. Cas. 1915D, 154; Stertz v. Industrial Insurance Com., 91 Wash. 588, 158 P. 256, Ann. Cas. 1918B, 354; Diblasio v. Hunter, 124 Wash. 98, 213 P. 470; Shockey v. Royal Baking Powder Mfg. Co., 138 Wash. 223, 244 P. 549; Murphy v. Schwartz, 142 Wash. 69, 252 P. 152; Bruce v. McAdoo, 65 Mont. 275, 211 P. 772; Black v. Northern Pacific Ry. Co., 66 Mont. 538, 214 P. 82.

And see, also, McEvilly v. L. E. Myers Co., 211 Ky. 31, 35, 276 S. W. 1068.

Affirmed.

RUDKIN, Circuit Judge, sat at the hearing, but took no part in the decision of the case.